IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT THOMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 04-1138-CV-S-RED |
| | ) | |
| **JO ANNE B. BARNHART, Commissioner** | ) | |
| **of the Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff Robert Thompson ("Plaintiff") seeks judicial review of the Commissioner's denial of disability and supplemental security income (SSI) benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff was awarded benefits in 1986 as child's SSI, however as part of mandatory continuing disability review Plaintiff's disability was found to have ceased and his benefits were ordered to end on December 1, 2000. Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g) and Section 1631 of the Act, 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record fully sets forth his findings and such will not be

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful

2

activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

The issue in this case is whether the ALJ fully and fairly developed the record. It is well settled that it is the ALJ's duty to develop the record fully and fairly. *Snead v. Barnhart,* 360 F.3d 834, 836-37 (8th Cir.2004). This duty includes the responsibility of ensuring that the record includes evidence from a treating physician, or at least an examining physician, addressing the particular impairments at issue. *Nevland v. Apfel,* 204 F.3d 853, 858 (8th Cir.2000) (holding that it was improper for the ALJ to rely on the opinions of reviewing physicians alone). *Strongson v. Barnhart,* 361 F.3d 1066 (2004), 1071 -1072 (8th Cir. 2004). An ALJ is required to obtain additional medical evidence if the existing medical evidence is not a sufficient basis for a decision." (citing 20 C.F.R. § 416.927(c)(3))); *Battles v. Shalala,* 36 F.3d 43, 45 (8th Cir.1994) (" 'There is no

3

bright line test for determining when the [ALJ] has ... failed to develop the record. The determination in each case must be made on a case by case basis.' " (quoting *Lashley v. Secretary of Health & Human Serv.,* 708 F.2d 1048, 1052 (6th Cir.1983)).

The ALJ found that Plaintiff was no longer under disability in October of 2000 because of a medical improvement. Plaintiff argues there is no evidence to support that Plaintiff had a medical improvement because the ALJ failed to properly develop the record. The ALJ specifically noted that in 1986, when the Plaintiff was first awarded benefits, he had a verbal IQ of 45, a performance IQ of 49, and a full-scale IQ of 41 based on testing. (TR. 14)  In April of 1988, Plaintiff was retested and was found to have a verbal IQ of 77, a performance of 80, and a full-scale IQ of 77. (TR. 14). The ALJ based his opinion of medical improvement "on this evidence alone" but also reviewed the reviewing physicians' opinions. (TR. 14)

However, the record as a whole provides additional medical evidence, more recent in time, which supports the ALJ's opinion. In July of 2000, Dr. Rodinelli noted that Plaintiff's learning disability and cognitive deficits preclude returning to work (TR. 74)  Plaintiff was also noted as an extremely poor examinee. (TR 72)  A few months later, a Mental Residual Functional Capacity Assessment was completed. In this evaluation, Plaintiff was found to be no more than moderately limited in any category. (TR. 77-80)  Additionally, Plaintiff stated that he quit his last employment due to headaches, not mental health limitations. He also noted no difficulty in performing routine household chores, socialization, using public transportation, and performing self care. The conclusion of Dr. Allen was that Plaintiff is "capable of understanding and performing simple, repetitive tasks." (TR. 79). Dr. Allen also found that none of the functional limitations noted in Part IV of the Psychiatric Review Technique (TR. 90) manifested at the degree of limitation that satisfies

4

the listings.

      Close in time to the Mental Residual Functional Assessment completed by Dr. Allen is the opinion of Dr. Israel. Dr. Israel noted that Plaintiff complained of headaches at the time, but had not sought any treatment beyond over-the-counter medicine for relief. Dr. Israel concluded that Plaintiff can understand and remember simple instructions, concentrate on simple tasks, and adapt to a very simple work environment. (TR. 82) Additionally, he should be capable of learning a job involving simple tasks although he may lack the motivation for such learning. (TR. 82)

      The ALJ's conclusion appears to have taken into account these assessments. The ALJ noted that Plaintiff had "borderline intellectual functioning" but no physical restriction. Moreover, he has an "occasional dysfunction" in remembering, understanding, and carrying out detailed instructions and in responding appropriately to changes in the work setting. The ALJ found that Plaintiff can perform unskilled work of a simple one or two step nature requiring no reading and writing. (TR. 14)

      The Court notes that although Plaintiff claims he now suffers from seizures and blackouts these claims are not properly before the Court at this time. The ALJ's opinion determined that Plaintiff was not disabled as of October of 2000. Plaintiff does not claim that he suffered from blackouts and seizures until after 2000. Thus, these additional complaints have little bearing on the ALJ's opinion and this Court's review of that opinion. To the extent Plaintiff complains of headaches, these complaints were examined by the physicians of record, and no physician found them to be disabling.

      Clearly, the ALJ took into consideration the physician's notes of record, especially those related to the date of cessation of disability. The opinion of the ALJ reflects the evidence in the

record as a whole and is due to be affirmed.

## IV. Conclusion

Upon a review of the record, the Court finds that substantial evidence supports the ALJ's findings and that the decision as a whole is supported by substantial evidence. Accordingly, it is hereby **ORDERED** that the decision of the ALJ is **AFFIRMED.**

**IT IS SO ORDERED.**

DATE: January 17, 2006   */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT